UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK D JENSEN,

        Petitioner,

v.                                    Case No. 11-C-803

MARC CLEMENTS,

        Respondent.

## DECISION AND ORDER DENYING
## MOTION TO ENFORCE JUDGMENT

This court granted Petitioner Mark D. Jensen's application for a writ of habeas corpus on December 18, 2013, on the ground that the Wisconsin Court of Appeals had unreasonably applied clearly established federal law in deciding that the admission at his state trial of out-of-court statements his deceased wife had made implicating him in her death, though a violation of Jensen's rights under the Confrontation Clause, was harmless error. *Jensen v. Schwochert*, No. 11-C-803, 2013 WL 6708767 (E.D. Wis. Dec. 18, 2013), ECF No. 65. The court ordered Jensen "released from custody unless, within 90 days of the date of this decision, the State initiates proceedings to retry him." *Id.* at *17. On appeal, during which the order was stayed, a divided panel of the Seventh Circuit affirmed. *Jensen v. Clements*, 800 F.3d 892 (7th Cir. 2015). Respondent's petitions for reconsideration and en banc review were denied.

After the Seventh Circuit's mandate issued on October 19, 2015 (ECF No. 79), Jensen was returned to the Kenosha County Jail, and the Kenosha County Circuit Court vacated his judgment of conviction on December 29, 2015, and set the matter for a new trial. ECF No 86-1 at 21. In the

proceedings leading up to the trial, the circuit court determined that in light of recent Supreme Court precedent, the statements at issue were not testimonial and their admission at trial did not violate Jensen's Sixth Amendment confrontation right. ECF No. 94-9 at 73–74. The circuit court thereafter determined that its new ruling on Julie's statements, including her letter and reports to police, cured the constitutional defect in Jensen's first trial, and based upon this determination reinstated Jensen's conviction and sentence. ECF No. 94-11 at 11–12, 35–36. This matter now returns to this court on Jensen's motion to enforce judgment, which argues that the State violated this court's order to release or retry Jensen with the series of events that resulted in the reinstatement of his conviction and sentence. ECF No. 93.

There is no dispute that Jensen has the right to challenge the circuit court's ruling that the out-of-court statements of his deceased wife are admissible after all and its decision to enter a judgment of conviction against him for the murder of his wife based on the earlier verdict, both procedurally and on the merits. The question presented by the unusual facts of the case is whether he must first seek review in the appellate courts of the State of Wisconsin before returning to this court for relief under 28 U.S.C. § 2254. For the reasons set forth below, I conclude that he must do so. Jensen's motion will therefore be denied.

## BACKGROUND

Earlier orders by this court and the Seventh Circuit recite the history of Jensen's case in great detail, so only a brief summary and discussion of recent procedural developments is necessary here. *See Jensen*, 800 F.3d at 895–98; *Jensen*, 2013 WL 6708767, at *1–5. Julie Jensen was found dead in the Jensens' home on December 3, 1998. *Jensen*, 2013 WL 6708767, at *1. Her death was initially treated as a suicide, but there was no dispute that her death resulted at least in part from

poisoning by ethylene glycol, a chemical used in antifreeze. *Id.* Prosecutors eventually charged her husband, Mark Jensen, with first degree intentional homicide on March 19, 2002. *Id.* at *3. The case against Jensen relied in part upon a sealed letter she had given to neighbors and several statements to police that Julie made in the weeks before her death expressing her fear that her husband was plotting to kill her. *Id.* at *1–2. The admissibility of the letter and statements has been the focal point of litigation in this case over the past fifteen years.

Before Jensen's trial for Julie's murder, the United States Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004), which recast the right protected by the Sixth Amendment's Confrontation Clause. As a result, the circuit court determined that Julie's letter and statements were inadmissible testimonial statements. *Jensen*, 2013 WL 6708767, at *3. The State sought an interlocutory review of that decision, and after granting a bypass petition allowing the case to skip the Wisconsin Court of Appeals, the Wisconsin Supreme Court reversed the circuit court's decision. *State v. Jensen*, 2007 WI 26, ¶ 2, 727 N.W.2d 518. Although the Wisconsin Supreme Court agreed with the circuit court that the statements were testimonial, it adopted a broad "forfeiture by wrongdoing doctrine" and remanded for a hearing to determine whether Jensen had "lost the right to object on confrontation grounds to the admissibility of out-of-court statements of a declarant whose unavailability the defendant . . . caused." *Id.* On remand, the Kenosha County Circuit Court conducted a ten-day evidentiary hearing and concluded that Jensen forfeited his confrontation right by killing Julie and therefore causing her absence from trial. *Jensen*, 2013 WL 6708767, at *3. As his defense at the trial that followed, Jensen attempted to show that Julie committed suicide and sought to frame him for her death, but the jury—which saw the letter and Julie's other statements—ultimately convicted Jensen of first-degree intentional homicide. *Id.* at *4–5.

3

While Jensen's direct appeal to the Wisconsin Court of Appeals was pending, the Supreme Court decided *Giles v. California*, 554 U.S. 353 (2008), which rejected the broad forfeiture by wrongdoing doctrine adopted by the Wisconsin Supreme Court in Jensen's case. Nevertheless, the Wisconsin Court of Appeals affirmed Jensen's conviction on direct review. *State v. Jensen*, 2011 WI App 3, ¶ 1, 794 N.W.2d 482. Assuming, without deciding, that the circuit court erred under *Giles* by admitting the testimonial letter and statements, the court of appeals concluded that any error was harmless beyond a reasonable doubt in light of the weight of the state's evidence and the strength of its case. *Id.* ¶ 35. The Wisconsin Supreme Court denied Jensen's petition for review on June 15, 2011.

On August 24, 2011, Jensen filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and this court issued its decision granting the petition on December 18, 2013. *Jensen*, 2013 WL 6708767. Noting that "[t]he parties [did] not dispute that both the letter and Julie Jensen's statements to [a police officer] were testimonial," this court concluded that those "erroneously admitted testimonial statements had a 'substantial and injurious effect' on the jury's verdict." *Id.* at *6–7, *10 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993)). Because the erroneous admission of the letter and statements therefore was not harmless, the decision by the Wisconsin Court of Appeals constituted an unreasonable application of clearly established federal law. *Id.* at *17. The court issued the following direction with regard to Jensen:

> Jensen is therefore ordered released from custody unless, within 90 days of the date of this decision, the State initiates proceedings to retry him. The Clerk is directed to enter judgment accordingly. In the event Respondent elects to appeal, the judgment will be stayed pending disposition of the appeal.

*Id.* Respondent appealed, and the Seventh Circuit affirmed, agreeing that "the improperly admitted letter and accusatory statements resulted in actual prejudice to Jensen." *Jensen*, 800 F.3d at 908.

4

Under this court's order, the 90-day window for the State to release Jensen or initiate proceedings to retry him opened when the Seventh Circuit issued its mandate on October 19, 2015. ECF No. 79.

On December 29, 2015, the Circuit Court of Kenosha County vacated Jensen's judgment of conviction and reopened the case. ECF No. 86-1 at 21. That day, the State also communicated its intent to retry Jensen. *Id.* In anticipation of the new trial, Jensen filed a motion on November 29, 2016, to exclude all of Julie's testimonial statements, including the letter. ECF No. 94-3 at 97. After two rounds of extensive briefing and oral argument on the motion,[1] the circuit court found in July 2017 that Julie's letter and statements to officers were non-testimonial based upon the post-*Crawford* evolution of the meaning of "testimonial" in cases such as *Michigan v. Bryant*, 562 U.S. 344 (2011), and *Ohio v. Clark*, 135 S. Ct. 2173 (2015), both decided after Jensen's first trial. ECF No. 94-9 at 73–74, 96. The circuit court therefore denied Jensen's motion and concluded that the letter and related statements would be admissible at Jensen's new trial. ECF No. 94-9 at 96.

The State took two relevant actions in response the circuit court's decision that Julie's letter and statements would be admissible at Jensen's second trial. First, Respondent filed a motion for clarification in this court on August 10, 2017. ECF No. 86. After explaining recent developments in Jensen's case, Respondent informed this court that the Kenosha County prosecutors intended to move the circuit court to reinstate Jensen's conviction on the grounds that the trial court's recent conclusion that the letter and statements were not testimonial "cure[d] the constitutional error believed to have existed in the first trial." *Id.* at 4. Respondent sought clarification as to whether

---

[1] *See* ECF No. 94-3 at 97–100 & ECF No. 94-4 at 1–9 (Jensen's motion); ECF No. 94-5 at 47–89 (State's response); ECF No. 94-6 at 70–100, ECF No. 94-7 at 1–100, & ECF No. 94-8 at 1–45 (first motion hearing); ECF No. 94-8 at 47–71 (Jensen's response brief); ECF No. 94-8 at 75–85 (State's reply); ECF No. 94-8 at 88–89 (Jensen's response letter); ECF No. 94-8 at 90–95 (State's response letter); ECF No. 94-8 at 97–100, ECF No. 94–9 at 1–100, & ECF No. 94-10 at 1–2 (second motion hearing).

5

reinstatement of Jensen's conviction under these circumstances would comply with this court's order that Jensen be "released from custody unless, within 90 days of the date of this decision, the State initiates proceedings to retry him." *Id.* at 5. This court granted Respondent's motion in an August 18, 2017 order. ECF No. 90. Recognizing that this court possessed continuing jurisdiction to assess Respondent's compliance with the conditional writ of habeas corpus, this court concluded that, because "[t]he State did in fact initiate proceedings to retry Jensen within 90 days of the effective date of the court's order[,] . . . Respondent is not required to release Jensen from his custody." *Id.* at 5. The court further observed that because "Jensen is no longer in Respondent's custody, but is being held awaiting trial in the Kenosha County Jail[,] . . . Respondent has no power to release him in any event." *Id.* at 5–6. However, the court declined to offer an opinion "as to whether the circuit court's determination that the challenged statements are non-testimonial is proper and whether Jensen's previous conviction can be constitutionally reinstated without a new trial," recognizing that addressing either would constitute improper issuance of an advisory opinion. *Id.* at 6.

Second, as represented to this court, the State filed a motion in the Kenosha County Circuit Court on August 11, 2017, seeking to reinstate Jensen's judgment of conviction and accompanying life sentence. ECF No. 94-10 at 42–56.[2] The circuit court held a hearing on the motion on September 1, 2017. *Id.* at 97–100 & ECF No. 94-11 at 1–10. Citing this court's August 18, 2017 order, the circuit court concluded that "it's clear that the State would not be in contempt if there were no trial because the State did, in fact, reinitiate proceedings to try" Jensen. ECF No. 94-11 at 4. The circuit court further found that, as a result of its decision to admit Julie's letter and statements at the upcoming trial, "the evidence in a new trial would be materially the same as in the

---

[2] *See also* ECF No. 94-10 at 69–77 (Jensen's response); *id.* at 84–94 (State's reply); *id.* at 95–96 (Jensen's response letter).

6

first trial." *Id.* Questioning the appropriateness of investing court time and resources in holding a duplicate trial, the circuit court granted the State's motion. *Id.* at 5. The circuit court entered the new judgment of conviction and life sentence for Jensen on September 8, 2017. *Id.* at 11–12. A September 18, 2017 written order briefly elaborated on the circuit court's reasoning: "There is no constitutional necessity at this point for proceeding with a new trial for [Jensen] has already been tried to a jury with [the letter and statements] placed before it and has been found guilty." *Id.* at 35–36 (alterations in original) (quoting *Jackson v. Denno*, 378 U.S. 368, 394 (1964)). Returning to this court, Jensen filed his motion to enforce judgment on September 29, 2017. ECF No. 93.

## ANALYSIS

A district court that grants a petition for a writ of habeas corpus may nonetheless "delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). Consequently, when a district court issues a conditional writ of habeas corpus, the court "retains jurisdiction to determine whether a party has complied with the terms of [the] conditional order." *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 861 (7th Cir. 1995). When a State fails to correct the constitutional violation within the time established by the district court, "the consequence . . . is always release." *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring). But "[o]nce . . . the habeas writ [is] complied with, . . . the district court [loses] jurisdiction over the case." *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017).

Jensen first argues that this court's conditional writ was clear: "if the State failed to retry Jensen without the letter, Jensen was entitled to release." Mot. to Enforce J., ECF No. 93 at 18. But that is not what this court's order said. As the court noted in its Decision and Order Granting

Respondent's Motion for Clarification, the order stated that Jensen was to be "released from custody *unless, within 90 days of the date of this decision, the State initiates proceedings to retry him*." ECF No. 90 at 5 (quoting ECF No. 65 at 33) (emphasis added). Given the complexity and length of the original trial, the court certainly did not expect the State to retry Jensen within 90 days of the effective date of its order. The original trial lasted six weeks and involved experts in toxicology, pathology, and psychiatry. Moreover, cases in which a writ of habeas corpus is issued frequently do not result in a retrial. The parties are often able to reach agreement on a disposition that obviates the need for a new trial. Given this uncertainty over whether the parties would need to retry the case, and if they did, how much time they would need to prepare for and complete a new trial, the court deliberately required only the initiation of proceedings for a retrial within the time allowed in order for the State to comply with the writ. And as the court likewise noted in its clarification order, the State did comply at least with the letter of the court's conditional writ: "The State did in fact initiate proceedings to retry Jensen within 90 days of the effective date of the court's order." *Id.* As a result, the court concluded that the State was not required to release Jensen from its custody at that time. *Id.*

The State argues that having already determined that it complied with the letter of the writ by initiating proceedings to retry Jensen, the court no longer has jurisdiction over the original petition: "[W]hen a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter." *Gentry v. Deuth*, 456 F.3d 678, 692 (6th Cir. 2006) (citing *Pitchess v. Davis*, 421 U.S. 482, 490 (1975) (per curiam)). But surely, a State cannot claim to have complied with a conditional order for release under § 2254 by vacating the previous judgment, initiating proceedings for a new trial, and then, with

8

no further analysis or development of the record, simply reinstating the same judgment that was the subject of the previous order. To be meaningful, a federal court's jurisdiction to determine whether a party has complied with the terms of its order allows, indeed requires, the court to inquire into whether the State's actions constitute a good faith effort to comply with the substance, as well as the form, of the court's order, or instead amounts to nothing more than a sham intended to circumvent the federal court's writ.

Jensen suggests that the State has not acted in good faith. He argues that rather than use the opportunity afforded by the conditional writ to retry him, the State has sought to delay his retrial, defy this court's order, and further violate his constitutional rights. He contends that the State waited seventeen months after the federal mandate before submitting its brief arguing that the letter was not testimonial and never presented the argument to this court pursuant to Rule 60(b)(6). The State then defied this court's ruling, Jensen contends, by duping the trial judge into revisiting the settled issue of whether the letter was testimonial and ruling it admissible. The State then went even further, Jensen argues, and convinced the trial judge to take the unprecedented step of skipping the trial and reinstating his conviction. Mot. to Enforce J., ECF No. 93 at 7, 27.

Jensen overlooks the fact that it was a state court, not the prosecutor or other officer of the executive branch of state government, that ultimately set the trial date, ruled that the letter was non-testimonial after all, and reinstated the judgment of conviction. The State court might have been in error, but to claim that the judge was "duped" and characterize the court's rulings as the State's deliberate defiance of this court's order ignores the lengthy briefing on the issues offered by the parties in the state court proceedings, the independent analysis undertaken by the trial court, and the respect due to state courts and state proceedings. As the Seventh Circuit recently noted in another

9

habeas case challenging the proceedings in state court following the issuance of a conditional order of release, "State authorities applying their own criminal laws are not marionettes controlled by the federal courts, and the writ of habeas corpus, while a 'great writ,' is not without limit. The writ is directed to the person detaining another: it is not directed at the state government in toto." *Hudson*, 863 F.3d at 655–56.

The circuit court in this case did not lightly undertake the task of revisiting an issue that had been seemingly decided by the Wisconsin Supreme Court more than ten years earlier in the lengthy procedural history of this case. The question of whether the letter and related statements were testimonial under current law was raised by the State in its response to Jensen's motion *in limine* seeking to preclude the State from making any reference to or attempting to admit into evidence in any manner Julie Jensen's letter. The State filed a 100-page brief in response, 26 pages of which argued that under the Supreme Court's more recent decisions in *Bryant* and *Clark*, the letter and related statements to police were not testimonial statements within the meaning of the Confrontation Clause of the Sixth Amendment. ECF No. 94-5 at 48–74. As the State pointed out, it is true that in the years since Jensen's trial, the United States Supreme Court has issued a number of decisions that have arguably narrowed the definition of the kind of "testimonial statements" to which *Crawford* held the Confrontation Clause strictly applies. *Id.* at 52–53.

In *Bryant*, for example, decided three years after Jensen's conviction, the Court held that statements by the mortally wounded victim of a shooting identifying the shooter and location of the shooting in response to questions put to him by police officers dispatched to the place to which he had fled were not testimonial. In reaching this conclusion, the Court noted that "the most important instances in which the [Confrontation] Clause restricts the introduction of out-of-court statements

10

are those in which state actors are involved in a formal, out-of-court interrogation of a witness to obtain evidence for trial." 562 U.S. at 358. The primary purpose of the police interrogation in that case, the Court observed, was to enable police assistance to meet an ongoing emergency, rather than to gather evidence to prove past events potentially relevant to later criminal prosecution. The Court also commented on the informality of the encounter: "the questioning in this case occurred in an exposed, public area, prior to the arrival of emergency medical services, and in a disorganized fashion. All of those facts make this case distinguishable from the formal station-house interrogation in *Crawford*." *Id.* at 366. Based on its consideration of these factors, the Court concluded that the victim's statements to police were not testimonial and that their admission at trial did not violate the Confrontation Clause. *Id.* at 378.

Then in *Ohio v. Clark*, decided more than seven years after Jensen's previous conviction, the Court held that a three-year-old victim's statements to his preschool teachers identifying the defendant as the person who caused his injuries were not testimonial. There the Court again reiterated the importance of the purpose of the interrogation and the formality surrounding it as important factors to consider in determining whether the resulting statement was testimonial. 135 S.Ct. at 2179–80. "In the end," the Court stated, "the question is whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'creat[e] an out-of-court substitute for trial testimony.'" *Id.* at 2180 (quoting *Bryant*, 562 U.S. at 358). In holding that the child victim's statements were not testimonial, the Court noted that the interrogation was by teachers, not police, and for the purpose of protecting the child from further abuse, not to gather evidence for a prosecution. *Id.* at 2181.

11

It was in light of these more recent decisions that the State argued Julie's letter and related statements to police prior to her death should not be considered testimonial. The State also argued in its response to Jensen's motion *in limine* that under a well-established exception to the law of the case doctrine, the court could and should revisit the question of whether the letter and related statements were testimonial. ECF No. 94-9 at 74–77. That exception applies when controlling legal authority has arrived at a contrary decision of the law under which an earlier determination was made. *Id.* at 74 (citing *State v. Brady*, 130 Wis. 2d 443, 448, 388 N.W.2d 151 (1986), and *White v. Murtho*, 377 F.2d 428, 431–31(5th Cir. 1967)). Only after additional and extensive briefing and argument by both parties did the court render its decision that the law of the case doctrine did not bar the court from revisiting the issue and that, under the more recent decisions of the United States Supreme Court, the letter and related statements to the police were not testimonial and therefore admissible at trial. ECF No. 94-9 at 68–74.

In light of the circuit court's conclusion that the letter and related statements were not testimonial and thus their admission at trial did not violate the Confrontation Clause, the State then moved for reinstatement of the judgment of conviction based on the jury's verdict in the previous trial. "The defendant is not entitled to a new trial," the State argued, "since he has already had a trial by a jury of his peers which was free of constitutional error." Br. in Supp. of Mot. to Reinstate, ECF No. 94-10 at 42. In the State's view, the determination by the federal courts that the Wisconsin Court of Appeals had unreasonably applied clearly established federal law in finding the admission of such evidence harmless error was not dispositive once the circuit court found that admission of the same evidence was not error. Since the original jury trial was not tainted by the erroneous admission of evidence in violation of Jensen's confrontation rights, the State argued that the circuit

court should reinstate the previous judgment of conviction, or alternatively, enter a new judgment of conviction on the jury's verdict. *Id.* at 51. The circuit court agreed and granted the State's motion.

Whether the circuit court was free to revisit the issue at this stage of the proceedings, and if so, whether the letter and related statements are indeed non-testimonial and thus admissible under the Confrontation Clause are, to be sure, important questions that Jensen has every right to challenge. But his challenge to the circuit court's rulings, at least as an initial matter, must be by appeal to the Wisconsin appellate courts. This is because the trial court's reinstatement of the judgment of conviction represents a new state court judgment for purposes of § 2254, and a federal court cannot grant relief from such a judgment "unless it appears . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

In this respect, the case is similar to *Hudson v. Lashbrook*, 863 F.3d 652 (7th Cir. 2017). There, a federal district court, following *Lafler v. Cooper*, 566 U.S. 156 (2012), held that but for the ineffective assistance provided by his trial attorney, the petitioner would have accepted the State of Illinois' plea offer of twenty years rather than go to trial which, upon conviction, resulted in a mandatory life term. 863 F.3d at 654. Based upon this determination, the federal court ordered the State to reoffer the petitioner the original plea deal of twenty years. In accordance with the federal court's order, the State extended the offer, which the petitioner accepted, and then both parties filed a joint motion to vacate the original conviction and sentence. Noting that she would have rejected the plea agreement based on the petitioner's criminal history even if she was considering it for the first time, however, the state judge refused to accept the agreement and denied the motion. *Id.* The petitioner then returned to the federal district court on a motion to enforce that court's order. The

13

district court denied the motion on the grounds that the petitioner's state appeal remained pending and that "the Illinois Appellate Court should have the first opportunity to both define *Lafler's* discretionary factors and in deciding how to resentence or treat a reoffered plea, and to determine whether the state trial court operated within the bounds of fair discretion in this case." *Id.* at 655. The Seventh Circuit affirmed, noting that "[o]nce the state reoffered the plea deal, the habeas writ was complied with, and the district court lost jurisdiction over the case." *Id.* at 656. Explaining further, the court noted:

> The state judge, faced with what she thought was also not a case or controversy, declined to opine until, finally, she considered and rejected it. Whether she had jurisdiction, and whether her merits ruling was proper or improper are matters of state law, pending on appeal. And it bears mentioning that at no point was the state judge herself a party before the federal district judge in this case.

*Id.*

Similarly, in this case, the state trial judge, who was not himself a party before the court, concluded that significant changes in the law concerning a defendant's Sixth Amendment right to confront the witnesses against him allowed him to revisit an issue that the Wisconsin Supreme Court had seemingly decided more than ten years ago when the case first came before it prior to Jensen's trial. Given the state supreme court's determination under then-existing law that the letter and related statements were testimonial, the State shifted to the alternative theory of admissibility—forfeiture by wrongdoing—that the supreme court had approved in the same decision. After the expenditure of much time and effort, the State succeeded in introducing the evidence under that theory, resulting in Jensen's conviction, only to have the broad form of the forfeiture by wrongdoing exception that the Wisconsin Supreme Court had adopted in *Jensen I* rejected by the United States Supreme Court in *Giles*. Whether under this unique set of circumstances the state trial

14

court had the authority to revisit the issue of whether the letter and related statements were testimonial, as well as whether the court's determination on the merits that they were not, are matters of state and federal law of which Jensen is free to seek review in the Wisconsin Court of appeals. Indeed, it appears that Jensen has already filed a Notice of Intent to Seek Post Conviction Relief from the new judgment of conviction entered against him. *See* Wisconsin Circuit Court Access for Kenosha County Case No. 2002CF000314, at https://wcca.wicourts.gov (last visited Nov. 27, 2017).

The fact that the circuit court characterized its action as "reinstating" the judgment of conviction, as opposed to entering a new judgment of conviction on the original verdict, does not change the result. It remains the case that the original conviction was vacated and the State initiated proceedings for a new trial. Only after the trial court later determined that the letter and statements that were the subject of the previous harmless error analysis were not testimonial under current law and thus lawfully admissible did the court decide that the original trial was free of error and the resulting verdict valid. It thereupon ordered entry of a judgment of conviction upon the verdict rendered after the earlier trial, thereby giving rise to new rights for Jensen to appeal and/or seek post-conviction relief. It is for the Wisconsin appellate courts to determine, at least as an initial matter, whether this procedure is lawful and complies with the Constitution and laws of the United States, as well as those of the State of Wisconsin.

Finally, the court declines Jensen's request to take up the due process judicial bias claim raised in his original petition. This court granted Jensen's original petition based on his harmless error argument, so it was not necessary to address his due process argument at that time. Jensen argued that he was denied due process of law because the judge who adjudicated his trial was no

longer impartial after forming an opinion as to Jensen's guilt as a consequence of the forfeiture hearing ordered by the Wisconsin Supreme Court. As already discussed above, however, Jensen obtained the relief he sought in his original habeas corpus petition: the Kenosha County Circuit Court vacated his tainted judgment of conviction, and the State chose to initiate a new prosecution. The judgment of conviction resulting from that renewed prosecution is the one now before the court, meaning that any remaining objections to Jensen's previous judgment of conviction are moot. To the extent he believes that bias on the part of the previous judge infected the jury trial upon which a different judge entered a new judgment of conviction, he is free to raise that issue in the appellate courts of Wisconsin and, if unsuccessful, seek federal relief pursuant to § 2254.

## CONCLUSION

For the reasons set forth above, the court concludes that the State of Wisconsin complied with this court's conditional order when the State initiated a new prosecution after the Kenosha County Circuit Court vacated Jensen's life sentence and judgment of conviction. As a result, the court concludes that it no longer possesses jurisdiction over Jensen's petition. Thus, the State now holds Jensen in custody pursuant to a judgment as to which Jensen has not yet exhausted his state court remedies. Jensen's motion to enforce judgment (ECF No. 95) is therefore **DENIED**.

**SO ORDERED** this 27th day of November, 2017.

                                                              s/ William C. Griesbach
                                                              William C. Griesbach, Chief Judge
                                                              United States District Court